IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TANAKA BIRDO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 09-192-GPM |
| ) | |
| CENTRALIA POLICE DEPARTMENT, ) | |
| TAMI COURTIAL, MICHAEL PEEBLES, ) | |
| JAMES RAMSEY, and JASON SMITH, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter came before the Court on October 26, 2009, for hearing on the motion for summary judgment filed by Defendants Centralia Police Department, Tami Courtial, Michael Peebles, and James Ramsey. During the hearing, Defendant Jason Smith joined in the motion for summary judgment. For the following reasons and for those set forth on the record during the hearing, the motion is granted in part and denied in part.

### FACTUAL BACKGROUND

Plaintiff Tanako Birdo is incarcerated at Graham Correctional Center. He filed this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. He complains that Defendants used excessive force in arresting him on November 25, 2008. Specifically, Plaintiff alleges that Officer Peebles stopped him without probable cause; that Officer Peebles and Deputy Smith violated Plaintiff's rights in stopping and searching him; that Officer Peebles and Deputy Smith held his arms while Officer Ramsey tased him; that he was tased again after falling to the

ground; that Sergeant Courtial should have intervened as the supervising officer; and that the Centralia Police Department has a policy and custom of allowing excessive force. Defendants argue that Plaintiff was combative during the November 25 arrest and, consequently, the force used was reasonable.

## ANALYSIS

Federal Rule of Civil Procedure 56(c) provides that if the pleadings, discovery, and disclosure materials disclose no genuine issue of material fact, the movant may be entitled to judgment as a matter of law.

> Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In determining whether a genuine issue of material fact exists, [the court] must view the record in a light most favorable to the nonmoving party. Because the primary purpose of summary judgment is to isolate and dispose of factually unsupported claims, the nonmovant may not rest on the pleadings but must respond, with affidavits or otherwise, setting forth specific facts showing that there is a genuine issue for trial. The evidence must create more than some metaphysical doubt as to the material facts. A mere scintilla of evidence in support of the nonmovant's position is insufficient; a party will be successful in opposing summary judgment only when it presents definite, competent evidence to rebut the motion.

*Albiero v. City of Kankakee*, 246 F.3d 927, 931-32 (7th Cir. 2001) (internal citations and quotations omitted).

The legality of Plaintiff's arrest is of no concern to this Court. Plaintiff was convicted of aggravated battery related to the November 25, 2008, incident (*see* Doc. 37, Ex. 1). Under *Heck v. Humphrey*, 512 U.S. 477 (1994), Plaintiff cannot raise any issue in this § 1983 claim that calls into question the validity of his criminal conviction – i.e., whether probable cause existed to stop and search Plaintiff on November 25. But only claims that "necessarily" imply the invalidity of a

conviction are barred by *Heck*. *Gilbert v. Cook*, 512 F.3d 899, 902 (7th Cir. 2008). So while Plaintiff cannot contest the validity of the conviction by stating that his arrest was not supported by probable cause, he can pursue his claim that the amount of force used to subdue him was unreasonable. *See id*. at 901. Defendants' motion for summary judgment on the basis that *Heck* bars Plaintiff's excessive force claim is denied.

"A claim that a police officer has used excessive force in the course of an arrest, investigatory stop, or other 'seizure' of a citizen is addressed to the reasonableness of the seizure, under the standards established by the Fourth Amendment." *Gonzalez v. City of Elgin*, 578 F.3d 526, 539 (7th Cir. 2009). An officer's use of force is unreasonable under constitutional standards "only if, judging from the totality of circumstances at the time of the arrest, the officer used greater force than was reasonably necessary to make the arrest." *Id*. (internal quotation omitted). The reasonableness inquiry "involves a 'careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake,'" giving careful attention to the facts and circumstances of each particular case. *Id*., *quoting Graham v. Connor*, 490 U.S. 386, 396 (1989). "A factual inquiry into an excessive force claim nearly always requires a jury to sift through disputed factual contentions, and to draw inferences therefrom." *Gonzalez*, 578 F.3d at 539 (internal quotation omitted).

Defendants contend, through affidavits, that Plaintiff's combativeness during the arrest necessitated the amount of force used. Plaintiff, in his affidavit, denies being combative and, instead, reasons that such force was applied because Officer Peebles and Officer Ramsey have a personal grudge against Plaintiff. The affidavits are consistent in certain respects. For instance, everyone agrees that Officer Peebles and Deputy Smith each were holding one of Plaintiff's arms

when Officer Ramsey activated the taser. Everyone similarly agrees that Plaintiff was on the ground when he was tased again. What happened in between is in dispute.

Plaintiff has set forth specific facts showing that there is a genuine issue on the question whether Officer Peebles and Officer Ramsey used excessive force against him on November 25, 2008. Plaintiff's claim against Officer Peebles survives this motion because it is clear from all the papers that there was a scuffle between Plaintiff and Peebles but it is unclear exactly what happened. His claim against Officer Ramsey survives because it is unclear on this record what was happening when Ramsey activated his taser two times. Plaintiff's claim against Deputy Smith does not survive, however, because the record shows that all Smith did was hold one of Plaintiff's arms through the process of getting Plaintiff cuffed. There is nothing unreasonable about holding onto an offender's arm while attempting to handcuff him.

Plaintiff's claims against Sergeant Courtial and Centralia Police Department also fail. To prevail under § 1983, a plaintiff must show that the defendant was personally involved in the alleged deprivation of the plaintiff's constitutional rights. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1982). In other words, the defendant must have actually caused or participated in the alleged activity. *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1982). Sergeant Courtial arrived at the scene of the November 25 incident to provide backup for the other officers, but due to the number of officers already there, she did not participate in cuffing Plaintiff. She also cannot be held liable as a bystander because the undisputed facts show that Courtial did not have a realistic opportunity to stop the taser from being deployed. *See generally Lewis v. Downey*, 581 F.3d 467, 478 (7th Cir. 2009), *petition for cert. filed*, 78 USLW 3454 (Jan. 25, 2010) (recognizing that a bystander can be held liable if she (1) had reason to know that a fellow officer was using excessive force and (2) had

a realistic opportunity to intervene to prevent the act from occurring). In fact, Plaintiff's true gripe with Courtial seems to be that she failed to testify in the underlying state court case. This does not subject her to liability on Plaintiff's excessive force claim. As to the claim against Centralia Police Department, Plaintiff has presented no evidence that there is a custom or policy allowing the use of excessive force; consequently, this claim fails. *See generally Monell v. Department of Soc. Svcs.*, 436 U.S. 658 (1978).

Defendants alternatively argue that they are entitled to qualified immunity. "Qualified immunity is not simply a defense to liability. It also provides immunity from suit." *Tun v. Whitticker*, 398 F.3d 899, 901 (7th Cir. 2005). The defense is "available to government officials performing discretionary functions that affords them protection from civil liability." *Lee v. Young*, 533 F.3d 505, 512 (7th Cir. 2008). The Court makes two key inquiries in evaluating qualified immunity: "(1) whether the facts, taken in the light most favorable to the plaintiffs, show that the defendants violated a constitutional right; and (2) whether that constitutional right was clearly established at the time of the alleged violation." *Gonzalez*, 578 F.3d at 540. "[T]he court may decide these questions in whatever order is best suited to the case at hand." *Id.*, *citing Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009). The question of qualified immunity should be resolved at the "earliest possible stage in litigation." *Pearson*, 129 S. Ct. at 815, *quoting Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam). However, "[w]hen the qualified immunity inquiry cannot be disentangled from disputed facts, the issue cannot be resolved without a trial." *Gonzalez*, 578 F.3d at 540. Under the version of the facts described by Plaintiff, no reasonable officer would think that he would be justified in asserting the force allegedly used by Officer Peebles and Officer Ramsey. *See Lewis*, 581 F.3d at 479. Accepting Plaintiff's story, as the Court must at this time, these

Defendants are not entitled to qualified immunity.  *See id*.

## CONCLUSION

For these reasons, Defendants' motion for summary judgment (Doc. 17) is **GRANTED in part and DENIED in part**.  Plaintiff's claims against Centralia Police Department, Tami Courtial, and Jason Smith are **DISMISSED with prejudice**.  Plaintiff's excessive force claims against Michael Peebles and James Ramsey shall proceed to trial.

**IT IS SO ORDERED.**

DATED:  02/25/2010

s/ *G. Patrick Murphy*<br>G. PATRICK MURPHY<br>United States District Judge