IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TANAKA BIRDO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 09-192-GPM |
| | ) |
| CENTRALIA POLICE DEPARTMENT, | ) |
| TAMI COURTIAL, MICHAEL PEEBLES, | ) |
| JAMES RAMSEY, and JASON SMITH, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff filed this case while he was detained at the Marion County Law Enforcement Center. He pursued the case while he was incarcerated at Graham Correctional Center. Plaintiff was released from prison in June 2010 and timely filed a notice of change of address with the Court.

Plaintiff filed a motion for appointment of counsel when he filed this action. That motion was denied without prejudice because Plaintiff had not shown that he attempted to obtain counsel or that he was effectively precluded from doing so (*see* Doc. 6, *citing Pruitt v. Mote*, 503 F.3d 647, 854-55 (7th Cir. 2007) (en banc)). Thereafter, Plaintiff – acting pro se – responded to Defendants' motion for summary judgment and participated in a telephonic hearing on the motion. The Court granted in part and denied in part the motion for summary judgment; Plaintiff's excessive force claims under 42 U.S.C. § 1983 against Defendants Michael Peebles and James Ramsey survived the motion for summary judgment and are set for final pretrial conference on July 26, 2010.

After the summary judgment motion was resolved but before Plaintiff was released from

prison, Plaintiff filed a motion to reconsider this Court's earlier denial of his request for appointed counsel. He complains that the incidents of his incarceration – specifically, limited law library access, copy fees, and delayed mail – hamper his ability to act as his own counsel. Notably, Plaintiff still has not shown any attempt to obtain counsel.

In evaluating the propriety of recruitment of counsel, this Court must examine (what are known as) the *Pruitt* factors and apply them to the specific circumstances of this case. *Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010). The Court must ask: "'(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Id.* at 761, *quoting Pruitt*, 503 F.3d at 654. The circumstances presented in this case do not warrant recruitment of counsel. *Cf. Santiago*, 599 F.3d at 765 ("The situation here is qualitatively different from typical prison litigation."). First, there has been no showing that Plaintiff tried to obtain counsel on his own. Additionally, Plaintiff survived a motion for summary judgment. Now he is out of jail and will not be hampered by the limitations described in his motion. Recognizing that "significant prudence and caution must be exercised when assessing a lay individual's capability for self-representation," *Santiago*, 599 F.3d at 762, this Court finds that the difficulty of this case does not exceed Plaintiff's ability to "coherently present it to the judge or jury himself," *see Pruitt*, 503 F.3d at 655.[1]

This Court has considered all of the factors present in this case and declines to recruit

---

[1] This case, unlike most cases filed by prisoners under 42 U.S.C. § 1983, does not rely on Plaintiff's ability to establish the state of mind of Defendants Peebles and Ramsey. *Cf. Santiago v. Walls*, 599 F.3d 749, 762 (7th Cir. 2010). Rather, Plaintiff must present factual evidence tending to show that the amount of force used by Defendants was unreasonable under the circumstances. *See generally Gonzalez v. City of Elgin*, 578 F.3d 526 (7th Cir. 2009); Seventh Circuit Pattern Civil Jury Instruction 7.08.

counsel on Plaintiff's behalf; the motion to reconsider (Doc. 43) is **DENIED**.  Plaintiff can either represent himself or try to recruit counsel on his own behalf.  This matter remains set for final pretrial conference on July 26, 2010, at 8:00 a.m. in the East St. Louis Courthouse.  Unless counsel enters his/her appearance on Plaintiff's behalf before the hearing, Plaintiff **shall** attend the final pretrial conference in person.[2]

**IT IS SO ORDERED.**

DATED:  07/20/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge

---

[2] The record shows that notice of the final pretrial conference was given to Plaintiff while he was incarcerated at Graham Correctional Center.